# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | No. 92-92(WWE) |
| | : | |
| PABLO ROBERTO ORTEGA | : | |

## RULING ON MOTION TO VACATE CONVICTION

Pablo Ortega files this motion to vacate his conviction on the ground that the Court erred by failing to notify him that he could be deported due to a felony conviction by trial, and that he is entitled to relief pursuant to section 212 (h) of the Immigration and Naturalization Act ("INA"). For the following reasons, the motion to vacate the conviction will be denied.

## BACKGROUND

Ortega is a native and citizen of the Dominican Republic who entered the United States as a lawful permanent resident in 1989.

In 1992 and 1993, Ortega was indicted by a federal grand jury on drug trafficking charges, to which he pleaded not guilty. On December 2, 1993, Ortega was convicted by a jury of conspiracy to possess with the intent to distribute and to distribute more than 550 grams of cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 846.

On February 3, 1994, Ortega was sentenced to a prison term of 60 months, a five year term of supervised release, and a special assessment of $50.

In January 1998, Ortega was served with a Notice to Appear, which charged that he was subject to deportation due to his conviction of an aggravated felony. In May 1999, the Bureau of Immigration Affairs ("BIA") ruled on Ortega's removal. In

November 2004, Ortega filed a motion with the BIA to reopen his removal order and to seek discretionary relief from deportation pursuant to INA §§ 212 (c) and 212 (h). In February 2005, the BIA rejected Ortega's appeal for section 212 relief as time barred. After Ortega appealed this decision, the United States Fifth Circuit Court of Appeals held that it lacked jurisdiction over his appeal.

## DISCUSSION

Ortega asserts that his conviction should be vacated because the Court erred by failing to warn him of the potential for deportation after his February 1994 sentencing and that he is entitled to discretionary relief pursuant to INA § 212 (h).

<u>Failure to Advise Ortega of Immigration Consequences</u>

The Court finds no merit to Ortega's argument that this Court erred by failing to notify him of the immigration consequences of his felony conviction.

It is well established that a district court judge's failure to warn a defendant that deportation could be a consequence of a guilty plea to a criminal charge does not alone constitute a violation of due process, thereby rendering the plea invalid for deportation purposes. <u>Zhang v. United States</u>, 401 F.Supp.2d 233 (E.D.N.Y. 2005). <u>See</u> <u>also</u> Fed. R. Crim. P. 11(b)(1) (court is not required to inform defendant of all collateral consequences of guilty plea). Thus, it follows that the Court is not required to inform a defendant entering a not guilty plea of all collateral consequences that could occur after trial.

Review of the record reveals that the Court did make Ortega aware of the potential for deportation at the time of his sentencing in 1994. It appears that Ortega's

counsel was aware of the deportation consequences of Ortega's conviction prior to the sentencing date.

Ortega advances Connecticut state law and a BIA ruling, In re Adamiak as grounds for vacating his conviction. As an initial matter, Connecticut General Statutes section 54-1j has no effect upon Ortega's case, since he was prosecuted, convicted and sentenced pursuant to federal law. Further, section 54-1j applies to instances where an individual has pleaded guilty. Here, Ortega pleaded not guilty.

Similarly, In re Adamiak is not applicable because plaintiff pleaded not guilty. In Adamiak, the BIA vacated a conviction because the state trial court had failed to satisfy the state statutory duty to notify the defendant of the immigration consequences of a guilty plea.

Request for Section 212 (h)

Ortega requests relief pursuant to section 212 (h) of the INA. The Court finds no authority for it to vacate the BIA decision that Ortega's claim for such relief is time barred. See Ortega v. Gonzales, 187 Fed.Appx. 402 (5th Cir. 2006).

## CONCLUSION

For the foregoing reasons, plaintiffs' motion to vacate conviction is DENIED.

_____/s/_____
Warren W. Eginton
Senior U.S. District Judge

Dated at Bridgeport, Connecticut this _29th_ day of August, 2007.